IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 3:15CR115-01-JRS |
| ) | |
| JERELL MARKES BROADIE, ) | |
| ) | |
| Defendant. ) | |

## STATEMENT OF FACTS

The parties stipulate that the allegations contained in Count One of the pending Criminal Indictment and the following facts are true and correct and that had the matter gone to trial the United States could have proven each of them beyond a reasonable doubt.

1. The defendant agrees to plead guilty to Count One of the Criminal Indictment. Count One charges that on or about May 18, 2015, in the Eastern District of Virginia and within the jurisdiction of this Court, the defendant, JERELL MARKES BROADIE, aided and abetted by others, known and unknown, did unlawfully steal, take, and carry away from the premises of a person who is licensed to engage in the business of importing, manufacturing, and dealing in firearms, to wit: American Family Pawn Shop, Powhatan, Virginia, multiple firearms in the licensee's business inventory, all of which were shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(u) and 2. The maximum penalties for this offense are a term of incarceration for up to ten years; a fine of $250,000; and three years of supervised release. The defendant understands that this supervised release term is in addition to any prison term the defendant may receive, and that a violation of a term of

supervised release could result in the defendant being returned to prison for the full term of supervised release.

2. In the early morning hours of May 18, 2015, JERELL MARKES BROADIE, Jonathan Xavier Thorne, and Meleke Osborne, aided and abetted by each other and by others, broke into the American Family Pawn Shop, a federally licensed firearms dealer located in Powhatan, Virginia.

3. The men had made plans to steal the firearms in the days leading up to the theft, and BROADIE and Thorne, along with another male, can be seen on the store's surveillance video conducting their own surveillance of the American Family Pawn Shop on Friday, May 15, 2015.

4. On May 18, 2015, at approximately 5:00 a.m., BROADIE, Thorne, and Osborne, along with two other individuals, traveled from Richmond, Virginia, to the American Family Pawn Shop, 2427 Anderson Highway, Powhatan, Virginia, in BROADIE's Acura. They parked the car in an adjacent parking lot.

5. BROADIE, Thorne and Osborne then exited the vehicle, leaving their getaway car driver(s) inside the Acura. The three wore clothing, including masks, to conceal their identities. Osborne threw a piece of asphalt through the back window, breaking it. BROADIE, Thorne, and Osborne then entered the business through the window.

6. A video recording shows the three men smashing several glass cases by kicking them in, and breaking them with a stool. The men then removed the firearms from the cases, and put them into plastic buckets and/or a backpack that they had brought with them.

7. The three men then exited through the same window, and returned to the Acura, which was parked nearby.

8. One of the men knocked on the trunk of the car, signaling to the getaway car driver to open it. The men placed the stolen firearms inside the trunk and got into the passenger compartment of the Acura. The driver then fled the area.

9. While the men were breaking into the American Family Pawn shop, the owner received a call from the alarm monitoring company indicating that an alarm had gone off at the business. The owner checked the remote video feed, but did not immediately see a problem. At approximately 6:30 or 7:00 a.m., the owner rechecked the video feed and noticed that something did not look right with one of the handgun cases. He went to the store, arriving at approximately 8:00 a.m. At that time, he saw a black handgun on the gravel. He then entered the side door and saw that the glass cabinets had been smashed, and firearms had been stolen. In all, thirty firearms were identified by the owner as having been stolen from the business. The owner immediately contacted the police department.

10. An investigation was initiated into the theft by the Powhatan County Sheriff's Department, as well as agents with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). As a result of the investigation, BROADIE, Thorne, and Osborne, as well as several other individuals, were identified as having been involved in the planning of the theft, and in the theft itself.

11. Although 30 firearms were stolen, 28 of them were sold by BROADIE and Thorne to identified and unidentified individuals in the hours and days following the break-in. In addition, BROADIE and Thorne each kept one of the stolen firearms. These two firearms, along with

other evidence from the burglary, were recovered from BROADIE's Acura, and from a hotel room Thorne had paid for, and where he and BROADIE were staying after the theft.

12. After selling the firearms, BROADIE and Thorne contacted Osborne, to whom they gave a "cut" or share of the proceeds from sale of the stolen firearms.

13. The parties stipulate and agree that all of the firearms that were stolen from the American Family Pawn Shop had been manufactured outside of the Commonwealth of Virginia and as such, traveled in interstate and/or foreign commerce. In addition, the parties stipulate that the stolen firearms are firearms within the meaning of the law in that each was designed to expel a projectile by the action of an explosive.

14. The defendant, JERELL MARKES BROADIE, aided and abetted by others known and unknown, did unlawfully steal from the premises of American Family Pawn Shop, Powhatan, Virginia, a federally licensed firearms dealer engaged in the business of selling firearms, thirty firearms that were in the licensee's business inventory.

15. The defendant did commit the acts set forth in Count One of the criminal indictment knowingly and unlawfully, without legal justification or excuse, with the specific intent to do that which the law forbids, and not by mistake, accident or any other reason.

I have consulted with my attorney regarding this Statement of Facts. I knowingly and voluntarily agree that each of the above-recited facts is true and correct and that had this matter gone to trial the United States could have proven each one beyond a reasonable doubt.

_8/25/15_
Date

_[signature]_
Jerell Markes Broadie
Defendant

I am counsel for the defendant, Jerell Markes Broadie. I have carefully reviewed this Statement of Facts with him and, to my knowledge, his decision to agree to this Statement of Facts is an informed and voluntary decision.

8/25/15
Date

_____
Elizabeth Hanes, Esq.
Counsel for Defendant


DANA J. BOENTE
United States Attorney

8/25/15
Date

By: _____
Angela Mastandrea-Miller
Assistant United States Attorney

5